1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL DOUGLAS KRUSE,

          Petitioner,

     v.

YOLO COUNTY PUBLIC GUARDIAN,
etc., et al.,

          Respondents.

No.  2:14-cv-2393 KJN P

ORDER

Petitioner, housed in the Woodland Memorial Hospital, proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See 28 U.S.C. § 1915(a).

Petitioner does not challenge the fact or duration of a criminal conviction.  Rather, petitioner cites a Yolo County Superior Court/family court "judgment" dated August 14, 2014, and claims his length of sentence is "forever."  (ECF No. 1 at 1.)  In ground one, petitioner claims he was "kidnapped 45 years ago from St. Paul, Minnesota, and that illegal claims were brought against him by "Ripley's Believe it or Not."  (Id.)  Petitioner also mentions a "5150 hold."  (ECF No. 1 at 1.)

1

1       When a state prisoner challenges the legality of his custody -- either the fact of

2   confinement or the duration of confinement -- and the relief he seeks is a determination that he is

3   entitled to an earlier or immediate release, such a challenge is cognizable in a petition for a writ of

4   habeas corpus under 28 U.S.C. § 2254.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

5   Where a prisoner challenges the conditions of confinement, as opposed to the fact or duration of

6   confinement, his remedy lies in a civil rights action under 42 U.S.C. § 1983.  See Rizzo v.

7   Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985).  Thus, 28 U.S.C. § 2254 cannot be used to

8   challenge the conditions of confinement, and 42 U.S.C. § 1983 cannot be used to challenge the

9   fact or duration of confinement.

10      If petitioner is attempting to directly challenge his placement under California Welfare &

11  Institutions Code § 5150, he must file such action in the Yolo County Superior Court.  Because

12  petitioner does not appear to challenge the fact or duration of his confinement pursuant to a

13  criminal conviction, he cannot pursue habeas corpus relief in this court.  Moreover, petitioner

14  raises no claims challenging the conditions of his confinement in a state prison.  However, in an

15  abundance of caution, petitioner is granted leave to amend should he be able to state federal

16  claims for relief.

17      Accordingly, IT IS HEREBY ORDERED that:

18      1.  Petitioner's motion to proceed in forma pauperis is granted;

19      2.  Petitioner's application for writ of habeas corpus is dismissed with leave to amend

20  within thirty days from the date of this order;[1] and

21  ////

22  ////

23  ////

24

25  [1]  By setting this deadline the court is making no finding or representation that the petition is not subject to dismissal as untimely.  The habeas corpus statute imposes a one year statute of

26  limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the

27  conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other

28  collateral review is pending.  28 U.S.C. § 2244(d).

2

1    3. Any amended petition must bear the case number assigned to this action and the title

2  "Amended Petition."

3  Dated:  November 14, 2014

4

5  /krus2393.114

<span style="text-align: right;">_____<br>KENDALL J. NEWMAN<br>UNITED STATES MAGISTRATE JUDGE</span>

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28